RICHARD S. MANDEL
JOEL K. SCHMIDT
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
Telephone: (212) 790-9200
Facsimile:  (212) 575-0671

Attorneys for Defendant
J. Crew Group, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| TONY DUQUETTE, INC. and HUTTON WILKINSON, | Civil Action No. 11 CIV 2665 (RJS) |
| Plaintiffs. : | |
| -against- : | **ANSWER AND COUNTERCLAIM** |
| J. CREW GROUP, INC., : | |
| Defendant. : | |

------------------------------------------------------------------ x

J. CREW GROUP, INC.,                                                  :

                              Counterclaim Plaintiff,          :

        -against-                                                  :

HUTTON WILKINSON,                                            :
                          Counterclaim Defendant.   .

------------------------------------------------------------------ x

Defendant J. Crew Group, Inc. ("J. Crew"), by and through its attorneys, Cowan,

Liebowitz & Latman, P.C., as and for its answer to the Complaint, alleges as follows:

      1.      In response to the allegations contained in paragraph 1 of the Complaint, J. Crew

admits that Plaintiffs purport to bring an action for the claims stated therein, but denies the merits

of any such claims.

      2.      In response to the allegations contained in paragraph 2 of the Complaint, J. Crew

admits that Plaintiffs purport to bring an action arising under the laws set forth therein and

18863/025/1240988.2

admits that the Court has subject matter jurisdiction, but otherwise denies the remaining allegations.

3.      Admits the allegations contained in paragraph 3 of the Complaint, except denies that any unlawful acts or violations occurred.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Admits the allegations contained in paragraph 6 of the Complaint, except denies that J. Crew is a New York corporation.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except expressly denies that "Tony Duquette" and "Duquette" are well known and famous marks.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Denies the allegations contained in paragraph 13 of the Complaint, except admits that J. Crew creates, markets, distributes and sells clothing and products through its J. Crew retail stores and official J. Crew website, and also creates, markets, distributes and sells separate lines

18863/025/1240988.2

of clothing and products through its J. Crew Factory stores and a J. Crew Factory section of the official J. Crew website.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except admits that in or around September 2010, J. Crew began selling in its J. Crew Factory stores and on the J. Crew website a women's leopard print cardigan product identified on the website under the J. Crew brand name and the style name "Factory Duquette leopard cardigan" as shown in the attached Exhibit A to the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint, except admits that J. Crew identified the style name for the J. Crew Factory product at issue on the J. Crew website as the "Factory Duquette leopard cardigan."

16.     Denies the allegations contained in paragraph 16 of the Complaint, except admits that J. Crew used the name "Duquette" in identifying the style name for the J. Crew Factory product at issue on the J. Crew website and on receipts issued to consumers purchasing the J. Crew cardigan at J. Crew Factory stores.

17.     Denies the allegations contained in paragraph 17 of the Complaint, except admits that J. Crew used the name "Duquette" in identifying the style name of the J. Crew Factory product at issue on the J. Crew website at www.jcrew.com along with color photographs of the product identified for sale at $74 (later reduced to $52.50).

18.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that J. Crew was aware that the J. Crew Factory cardigan at issue was not authorized by Plaintiffs. Further answering the allegations of paragraph 18 of the Complaint, J. Crew expressly alleges that Plaintiffs' authorization was not required.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that Plaintiffs did not provide permission or consent with respect the sale of the J. Crew Factory cardigan at issue and have not received any compensation from the sales of such product. Further answering the allegations of paragraph 19 of the Complaint, J. Crew expressly alleges

18863/025/1240988.2

that Plaintiffs' permission or consent was not required and that Plaintiffs are not entitled to any compensation from the sale of the J. Crew Factory cardigan at issue.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff's trademark registrations are matters of public record.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admits that J. Crew did not seek or obtain authority or permission from Plaintiff to use the name "Duquette" and did not seek to remunerate Plaintiffs for the sales made of the J. Crew Factory cardigan at issue.  Further answering the allegations contained in paragraph 23 of the Complaint, J. Crew expressly denies that any permission was required from Plaintiffs or that they are entitled to any remuneration from the sales of the J. Crew Factory cardigan at issue.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admits that Plaintiffs did not provide permission or consent to use the "Duquette" surname and have not been compensated for any sales of the J. Crew Factory cardigan at issue.  Further answering the allegations contained in paragraph 24 of the Complaint, J. Crew expressly denies that any permission or consent was required from Plaintiffs or that Plaintiffs are entitled to any compensation for the sales of the J. Crew Factory product at issue.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-25 of the Complaint with the same force and effect as if set forth fully herein.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

4

18863/025/1240988.2

31.     J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-30 Complaint with the same force and effect as if set forth fully herein.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-35 of the Complaint with the same force and effect as if set forth fully herein.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-40 of the Complaint with the same force and effect as if set forth fully herein.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-45 of the Complaint with the same force and effect as if set forth fully herein.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

18863/025/1240988.2

49.    J. Crew repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-48 of the Complaint with the same force and effect as if set forth fully herein.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies the allegations contained in paragraph 51 of the Complaint.

52.    Denies the allegations contained in paragraph 52 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

53.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

54.    Upon information and belief, the purported "Duquette" mark is invalid inasmuch as it is primarily merely a surname and has not acquired secondary meaning.

### THIRD DEFENSE

55.    J. Crew did not make trademark use of the "Duquette" name.

### FOURTH DEFENSE

56.    J. Crew's use of the "Duquette" name was a fair use under section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).

### FIFTH DEFENSE

57.    Any infringement that may have occurred was innocent in nature, and J. Crew has acted at all times in good faith.

### SIXTH DEFENSE

58.    Plaintiffs' claim for injunctive relief is moot inasmuch as J. Crew has ceased using any style name containing or comprising the "Duquette" name.

### SEVENTH DEFENSE

59.    The damages sought by Plaintiffs are not causally connected to or otherwise attributable to use of the "Duquette" name.

18863/025/1240988.2

## COUNTERCLAIM

### (Cancellation of Trademark Registration)

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff J. Crew, by and through its attorneys Cowan, Liebowitz & Latman, P.C., as and for its counterclaim against Plaintiff/Counterclaim Defendant Hutton Wilkinson, alleges as follows:

1.      Defendant/Counterclaim Plaintiff J. Crew is a Delaware corporation with its principal place of business at 770 Broadway, New York, New York 10003.

2.      Upon information and belief, Plaintiff/Counterclaim Defendant Hutton Wilkinson is an individual residing in West Hollywood, California.

3.      This Court has jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 1331.

4.      This counterclaim is for cancellation of Hutton Wilkinson's trademark registration for the mark "Duquette" (Registration No. 3,863,326).

5.      Upon information and belief, the "Duquette" mark covered by Registration No. 3,863,326 is primarily merely a surname and has not acquired secondary meaning entitling the name to trademark protection.

6.      Accordingly, the Court should order Registration No. 3,863,326 to be cancelled and should declare the "Duquette" designation to be invalid as a trademark.

WHEREFORE, J. Crew demands judgment as follows:

A.      Ordering that Plaintiffs take nothing by way of their Complaint;

B.      Dismissing the Complaint with prejudice;

C.      Awarding J. Crew its costs and attorneys' fees herein;

18863/025/1240988.2

D.      Ordering that Registration No. 3,863,326 for the "Duquette" name be cancelled and declaring the "Duquette" designation invalid as a trademark; and

E.      Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York           COWAN, LIEBOWITZ & LATMAN, P.C.
       May 12, 2011                 Attorneys for Defendant J. Crew Group, Inc.

                                    By: _____
                                        Richard S. Mandel
                                        Joel K. Schmidt
                                    1133 Avenue of the Americas
                                    New York, New York 10036-6799
                                    (212) 790-9200

18863/025/1240988.2